UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STANLEY DONALD,<br>      Plaintiff, | )<br>)<br>) |
| v. | )    CIVIL ACTION NO. 12-10453-JLT |
| SGT. LUIS MELENDEZ, ET AL.,<br>      Defendants. | )<br>)<br>) |

MEMORANDUM AND ORDER

TAURO, D.J.

BACKGROUND

On March 7, 2012, Plaintiff Stanley Donald ("Donald") filed a self-prepared civil rights Complaint against various prison personnel.[1] Donald alleges that in 2003, officers used excessive force against him after they learned that Donald had sent a letter to federal authorities complaining about various wrongdoings by correctional officers. He also claims that other correctional officers and prison staff failed to intervene to stop the alleged assault and battery, and that correctional officers filed false incident reports against him in order to cover up the assault and battery. Additionally, Donald asserts that he was denied due process during the disciplinary hearing stemming from those allegedly false reports, and denied the opportunity to discover information to defend himself at the hearing. As a result, he lost good time credit and other privileges as a sanction.

Next, Donald claims that Defendant Bonnie Werner, R.N. refused to give him medical care to address his injuries after the alleged assault and battery took place. As an unrelated matter, he alleges in a general fashion that several inmates have died as a result of correctional

---

[1] These include: Sgt. Luis Melendez, Lt. James Hart, Lt. Kenneth Arsenult, Sgt. Edward Hammond, Sgt. David Darling, Lt. Arthur Tibets, Officer George Delancey, Bonnie Werner, R.N., Superintendent Edward Ficco, Sgt. Lawrence Amblo, Officer O'Connor, and former Commissioner Michael Maloney.

officers' actions or inactions, and he seeks relief on behalf of these deceased inmates (in the form of an order for a charitable contribution to be made by the Department of Correction in their memories). Finally, Donald makes general complaints about racial discrimination in the prison and about other conditions of confinement.

Donald previously brought a law suit in the Suffolk County Superior Court in the Commonwealth of Massachusetts against many of the named Defendants in this action (*i.e*., Luis Melendez, Edward Hammond, James Hart, Arthur Tibet, and George Delancey). The state suit was based on the same allegations of a 2003 assault and battery, and cover up. See Donald v. Melendez, et al., Civil Docket No. SUCV2003-03763.

On October 31, 2007, a Judgment on a jury verdict was entered against Donald, directing the action to be dismissed on the merits. Donald appealed that Judgment to the Massachusetts Appeals Court. See Donald v. Melendez, et al., Docket No. 10-P-1477. On September 30, 2011, the Appeals Court affirmed the Judgment in the Defendants' favor. See Memorandum and Order Pursuant to Rule 1:28 (Docket No. 1-1 at 19). Thereafter, on November 30, 2011, the Supreme Judicial Court for the Commonwealth of Massachusetts denied further appellate review. See Donald v. Melendez, et al., Docket No. FAR-20193 (Docket No. 1-1 at 25). Donald seeks to vacate the state ruling and to proceed with his suit for, *inter alia*, monetary damages against each of the Defendants.

Donald failed to pay the $350.00 filing fee or to seek a waiver thereof by filing a Motion for Leave to Proceed *in forma pauperis* along with a certified copy of his prison account statement for the six-month period preceding the filing of the Complaint. As a result, on March 30, 2012, this Court issued a Procedural Order (Docket No. 3) directing that within 21 days, Donald must pay the filing fee or file an application to proceed *in forma pauperis* accompanied

by his certified prison account statement. On April 5, 2012, Donald filed a Letter (Docket No. 4) indicating that once he had confirmation of the filing of his Complaint, he would submit the filing fee papers.

On April 12, 2012, Donald filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 5); however, he failed to file a certified prison account statement as directed by this Court and in accordance with the requirements of 28 U.S.C. § 1915(a)(2). He did, however, file a financial affidavit on the standard application form (Docket No. 5-1 at 2), in which he indicated that he receives $20.00 per month for working in the prison. He claims $10.00 is put in his savings each month, and $10.00 is put in his personal account each month. Donald further discloses that he received funding from a church for the purpose of arranging a DNA test in order to exonerate himself from his criminal conviction. He anticipated that soon he would be paying a DNA testing laboratory $3,500.00 out of the church donations specifically earmarked for that purpose.

Accompanying his financial affidavit, Donald filed a separate Motion for Leave to Proceed *in forma pauperis* (Docket No. 5 at 1). In that motion, Donald requested that this Court allow him to pay a monthly fee of $10.00 and an initial partial filing fee of $25.00. He indicated that if this Court did not allow his motion, then he wanted to withdraw his Complaint without paying any fee, noting that he intended to refile the action once he had the funding to proceed in this matter.

On April 17, 2012, this Court issued a Memorandum and Order (Docket No. 6) construing Donald's Motion for Leave to Proceed *in forma pauperis* as a Conditional Motion for Voluntary Dismissal in the event this Court did not grant him *in forma pauperis* status. As such, the motion was denied, and the action was dismissed for failure to satisfy the filing fee

requirements of this Court.

Thereafter, on April 27, 2012, Donald filed a Motion to Reconsider and Vacate Dismissal (Docket No. 8). In that motion, Donald asks this Court allow him to pay the initial filing fee and assess the filing fee as required under the Prison Litigation Reform Act. He asserts that he misunderstood this Court's Procedural Order and thought the prison treasurer was going to send the Court his prison account statement on his behalf. He further indicates that he is willing to pay the assessed filing fee. Finally, he seeks an Order requiring the treasurer at MCI Norfolk to send a copy of his prison account statement to the Court, and an Order for service of process to be made by the U.S. Marshal Service.

## DISCUSSION

I. <u>The Motion to Reconsider and Vacate the Order for Dismissal</u>

In light of Donald's representation that he is willing to pay the filing fee as assessed by this Court pursuant to 28 U.S.C. § 1915(b), this Court will <u>ALLOW</u> the Motion to Reconsider, and will <u>VACATE</u> the dismissal of this action, notwithstanding that this case will then be closed for the reasons set forth below. The Court will also <u>VACATE</u> the denial of Donald's Motion for Leave to Proceed *in forma pauperis* (Docket No. 5) and <u>ALLOW</u> the motion; however, this Court will <u>DEFER</u> assessment of the filing fee until receipt of Donald's prison account statement. Once received, Donald will be assessed a filing fee pursuant to 28 U.S.C. § 1915(b) notwithstanding the dismissal of this action.[2]

---

[2]Donald was advised in the Procedural Order (Docket No. 3) that, notwithstanding any dismissal of a civil action, the prisoner remains obligated to pay the filing fee as assessed by this Court. <u>See</u> <u>Purkey v. Green</u>, 28 Fed. Appx. 736, 746 (10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits. . . . Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court."); <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 604-607 (6th Cir. 1997) (filing fee due when complaint filed; dismissal of a complaint does

4

II.     The Request to Order to the Treasurer of MCI Norfolk to Send Account Statement

Next, Donald requests that an "Order" issue to the treasurer to provide this Court with his prison account statement. This Court will not issue such an Order at this time, but will "request" that the Treasurer's Office at MCI Norfolk send to this Court Donald's certified prison account statement for the six-months preceding the filing of the Complaint. A copy of this Memorandum and Order shall be sent to the Treasurer's Office.

III.    The Request for an Order for Service of Process By the United States Marshal Service

Donald has also requested that service of process be made by the U.S. Marshal Service. The request is DENIED because this action is being DISMISSED *sua sponte* for the reasons set forth below.

IV.     The Complaint is Subject to Screening

Because Donald is now permitted to proceed *in forma pauperis*, his Complaint is subject to preliminary screening. The Prison Litigation Reform Act ("PLRA") Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996) contains several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings *in forma pauperis*);[3] 28 U.S.C. § 1915A (screening of suits against governmental officers and

---

not eliminate prisoner's obligation to pay the required fees). Here, Donald has substantially engaged the resources of this Court in reviewing his case and in the issuance of various Orders. This Court finds no basis for waiving Donald's filing fee obligations, and, in any event, this Court is unaware of any statutory authority permitting a prisoner to circumvent the filing fee obligations as set forth in the Prison Litigation Reform Act.

[3]Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

entities).[4]

In addition to the statutory screening requirements under § 1915, the Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action."). See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").[5]

In connection with this preliminary screening, Donald's *pro se* Complaint is construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000). Even under a broad reading, however, this action must be <u>DISMISSED</u> *sua sponte*.

V.      Lack of Subject Matter Jurisdiction; Rooker-Feldman as Bar to Claims

Donald is expressly seeking federal judicial review of his unsuccessful state court case against the Defendants. As such, this Court lacks jurisdiction to review those claims pursuant to

---

[4]Section 1915A authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

[5]Further, a district court has inherent authority to dismiss a frivolous or malicious complaint *sua sponte*. See Mallard v. United States District Court, 490 U.S. 296, 307-08 (1989) (courts have authority to dismiss a frivolous or malicious lawsuits even in absence of any specific statutory provision); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) ("district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources" and district court properly dismissed frivolous case, even in a fee-paying case).

the Rooker-Feldman doctrine. The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008) (a federal district court lacks jurisdiction over a final judgment of a state court). Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994); Exxon Mobil Corp. v. Saudi Basic Industries Corp., Inc., 544 U.S. 280 (2005) (doctrine applies to cases by state court losers seeking review and rejection of state court judgments rendered prior to commencement of federal suit). The Rooker-Feldman doctrine "is jurisdictional, and [it] . . . cannot be ignored." Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 33 n.7 (1st Cir. 2004) (citations omitted).[6] "[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of Puerto Rico-Puerto Rico Fifefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006).

In light of the above, to the extent Donald seeks to have this Court review and vacate the state court judgment, this Court lacks jurisdiction to do so under the Rooker-Feldman doctrine. .

VI.   Failure to State Plausible Claims Upon Which Relief May Be Granted; Statute of Limitations as a Bar to Claims

Even if this Court had jurisdiction over this action, this case must be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim) because Donald's

---

[6]Here, the exhibits attached to the Complaint clearly demonstrate that Donald's is the "state-court loser" and that the state-court judgment was rendered before the district court proceedings commenced.

Complaint fails to set forth any cognizable federal claim upon which relief may be granted. Indeed, on its face, it is clear that all of Donald's civil rights claims -- stemming from the 2003 alleged assault and battery (including the claims of use of excessive force, failure to intervene, deliberate indifference to a serious medical need, false disciplinary reports, and due process violations with respect to the disciplinary hearing) -- are barred by the statute of limitations for civil rights actions.

Specifically, the statute of limitations for claims under the Civil Rights Act in the District of Massachusetts is three years. Nieves v. McSweeney, 241 F.3d 46, 52-53 (1st Cir. 2001) (§ 1983); Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991) (§ 1981); Govan v. Trustees of Boston Univ., 66 F. Supp. 2d 74, 80 (D. Mass. 1999) (§ 1981, 1985). Cf. Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004) (§§ 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims); Mass. Gen. Laws ch. 260, § 2A (three-year statute of limitations for personal injury claims); Owens v. Okure, 488 U.S. 235 (1989). Since more than three years have elapsed since the alleged § 1983 violations accrued, the statute of limitations applies to this case.[7]

It is true that a Complaint may be dismissed on statute of limitations grounds "only if 'the pleader's allegations leave no doubt that an asserted claim is time-barred.'" Young v. Lepone,

---

[7]The accrual date for a § 1983 action is the date when the plaintiff knew or should have known that he was harmed. See, e.g., Villanueva-Méndez v. Nieves-Vázquez, 440 F.3d 11, 15 (1st Cir. 2006) (citing Chardón v. Fernández, 454 U.S. 6, 8 (1981)). Here, there is no basis for assuming that Donald was not aware immediately after the time of the assault and battery, or shortly thereafter (in 2003 or 2004) that his claims had accrued. While it is not clear when Donald had a disciplinary hearing in connection with the alleged false reports, it is reasonable to conclude that the Disciplinary hearing(s) of which he complains would have taken place in either 2003 or 2004, or, in any event, before 2009. Further, this Court cannot find a basis for application of equitable tolling. The fact that Donald chose initially to file suit in state court, and the fact that he lost his suit and his state appeals, does not provide a basis for this Court to find the statute of limitations is not applicable to this suit.

305 F.3d 1, 8 (1st Cir. 2002) (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)). However, the United States Court of Appeals for the First Circuit has held that "a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous" under the *in forma pauperis* statute. Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991), cert. denied, 502 U.S. 1063 (1992) (quoting Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), cert. denied, 502 U.S. 1063 (1992)).[8]

In light of this, Donald's federal claims are deemed to be frivolous as that term is used in legal parlance.

VII. Declination to Exercise Supplemental Jurisdiction

In the absence of any *bona fide* federal claims forming the basis for subject matter jurisdiction, this Court DECLINES to exercise supplemental jurisdiction over any state law claims asserted by Donald. See 28 U.S.C. § 1367(a). The exercise of such jurisdiction is discretionary, United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966), and a federal court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims when the federal claims drop out of the action before trial. Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995) (dismissal of state claim appropriate when no "legitimate" federal question remained in advance of trial); accord Rose v. Baystate Med. Ctr., Inc., 985 F. Supp. 211, 218-219 (D. Mass. 1997).

---

[8]Although the statute of limitations is an affirmative defense, and Fed. R. Civ. P. 8(a) does not require a plaintiff to plead facts to avoid potential affirmative defenses, a Complaint can be dismissed for failure to state a claim if the allegations therein show that relief is barred by the relevant statute of limitations. See Jones v. Bock, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim....").

Accordingly, all of Donald's claims arising under Massachusetts law are DISMISSED without prejudice to filing in state court, if he is permitted to do so.

VIII.   Plaintiff May Not Represent the Interests of Deceased Inmates

While not entirely clear, it appears that Donald is seeking to vindicate the rights of several deceased inmates who he claims were subjected to wrongful actions by prison staff. He makes these assertions admittedly through rumors and hearsay. He seeks to have an Order issue for the Department of Correction to make charitable donations in the deceased inmate's memory.

To the extent that Donald asserts claims on behalf of these deceased inmates, the claims must be DISMISSED. Donald does not assert a class action here (nor could this Court find one that would be permitted to proceed), and, in any event, Donald has no standing to represent the interest of deceased inmates. The estates of the deceased may have standing to pursue a civil action, but it is clear that Donald does not. Moreover, this Court does not permit a pro se litigant from asserting claims of others. Although 28 U.S.C.§ 1654 permits persons to proceed *pro se*, this provision does not allow unlicenced lay people to represent other *pro se* litigants. See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991). Additionally, this Court's Local Rules do not provide such authorization. See District of Massachusetts Local Rule 83.5.3(c), providing that "[a] person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice before the court only in his own behalf." Id.

Thus, to the extent Donald raises claims on behalf of deceased inmates, the claims will be DISMISSED.

IX.   The Request for Appointment of Counsel (Contained in the Complaint)

In the body of his Complaint, Donald seeks appointment of counsel. Under 28 U.S.C.

10

§ 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id. at 24.

Without belaboring the matter, in view of the *sua sponte* dismissal of this action for the reasons set forth above, this Court can find no basis to appoint *pro bono* counsel for Donald.

Accordingly, Donald's request for appointment of counsel (contained in the body of his Complaint) is DENIED.

## CONCLUSION

Based on all of the above, it is hereby Ordered that:

1.  The Order denying Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 5) is VACATED, and the motion is ALLOWED;

2.  Plaintiff's filing fee obligations pursuant to 28 U.S.C. § 1915(b) are DEFERRED pending receipt of Plaintiff's certified prison account statement; upon receipt of the prison account statement, a filing fee will be assessed to Plaintiff notwithstanding the dismissal of this action;

3.  Plaintiff's request for an Order for the Treasurer's Office to send his prison account statement to the Court (contained in his Motion to Reconsider and Vacate Dismissal) is DENIED; however, the Court will request the Treasurer's Office at MCI Norfolk to provide Plaintiff's prison account statement for the six-months preceding the filing of the Complaint;

4.  Plaintiff's request for an Order for the U.S. Marshal Service to effect service of process

(contained in his Motion to Reconsider and Vacate Dismissal) is <u>DENIED</u>;

5. Plaintiff's Motion to Reconsider and Vacate Dismissal (Docket No. 8) is <u>ALLOWED</u>; however, after case reopening, this action will then be <u>DISMISSED</u> for the reasons set forth herein;

6. Plaintiff's claims asserted on behalf of deceased inmates are <u>DISMISSED</u>; he may not assert claims of others;

7. This Court <u>DECLINES</u> to exercise supplemental jurisdiction over any of Plaintiff's state law claims;

8. All of Plaintiff's claims arising under Massachusetts law are <u>DISMISSED</u> without prejudice to filing in state court, if he is permitted to do so;

9. All of Plaintiff's federal civil rights claims are <u>DISMISSED</u>;

10. Plaintiff's request for appointment of counsel (contained in the body of his Complaint) is <u>DENIED</u>; and

11. This action is <u>DISMISSED</u> in its entirety.[9]


SO ORDERED.	/s/ Joseph L. Tauro
	JOSEPH L. TAURO
	UNITED STATES DISTRICT JUDGE
DATED: May 3, 2012

---

[9]For purposes of three-strikes consideration pursuant to 28 U.S.C. § 1915(g), this Court intends the dismissal as one on the merits pursuant to 28 U.S.C. § 1915(e)(ii)(B)(2).