UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STANLEY DONALD,            )
      Plaintiff,          )
                           )
v.                         )    CIVIL ACTION NO. 12-10453-JLT
                           )
SGT. LUIS MELENDEZ, ET AL.,)
      Defendants.        )

## MEMORANDUM AND ORDER

TAURO, D.J.

### BACKGROUND

On March 7, 2012, Plaintiff Stanley Donald ("Donald") filed a civil rights Complaint against various prison personnel alleging, *inter alia*, an assault and battery in 2003. On April 17, 2012, this action was dismissed for failure of Donald to satisfy the filing fee requirements of this Court as directed. See Order of Dismissal (Docket No. 7).

Thereafter, Donald filed a Motion for Reconsideration and to Vacate Dismissal (Docket No. 8). On May 3, 2012, this Court issued a Memorandum and Order (Docket No. 9) granting reconsideration of the dismissal of this action and, concomitantly, granting Donald's Motion for Leave to Proceed *in forma pauperis;* however, this Court <u>deferred</u> assessing the initial partial filing fee pursuant to 28 U.S.C. § 1915(b) pending receipt of Donald's certified prison account statement from the Treasurer's Office at MCI Norfolk. Further, notwithstanding this ruling re-opening the action, this Court directed the case then be dismissed on the merits for the reasons set forth in the Memorandum and Order.[1] Briefly, this Court found that Donald had failed to state any plausible federal claims upon which relief may be granted because his claims under 42 U.S.C. § 1983 were barred by the statute of limitations for civil rights cases. Next, this Court

---

[1] For administrative purposes, this action was reopened by the clerk pursuant to the Memorandum and Order (Docket No. 9) and then terminated as a pending case based on the same Memorandum and Order.

found that it lacked jurisdiction under the Rooker-Feldman doctrine to consider Donald's claims that previously had been litigated in the state court and in which Donald was the state court loser. Finally, this Court declined to exercise supplemental jurisdiction over any state law claims.

On May 11, 2012, Donald filed a Letter (Docket No. 11) expressing his disappointment with this Court's Memorandum and Order. He challenged this Court's ruling imposing a filing fee on him because "this Court could have easily told me to file my papers in the U.S. Supreme Court without obtaining a filing fee from me. Now I have to suffer payment of an additional filing fee in the U.S. Supreme Court." Letter (Docket No. at 1). He further argues that the Clerk of Court should have told him his case was not ripe for the District Court and should have advised him that he should file his challenge to the final judgment of the highest court in the state to the U.S. Supreme Court. Id.

Donald seeks to have this Court vacate the filing fee in this Court once he makes payments to the U.S. Supreme Court.

DISCUSSION

As a threshold matter, it appears that Donald has misunderstood the Memorandum and Order (Docket No. 9) to the extent that he believes this Court was providing him legal or strategic advice that he needed to file his action in the U.S. Supreme Court. Neither this Court nor the Clerk's Office may provide litigants such legal assistance and it is clear that this was not done in this case. Rather, this Court simply explained the application of the Rooker-Feldman doctrine as a jurisdictional bar to Donald's claims in the District Court, by stating:

> Donald is expressly seeking federal judicial review of his unsuccessful state court case against the Defendants. As such, this Court lacks jurisdiction to review those claims pursuant to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust

2

> Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008) (a federal district court lacks jurisdiction over a final judgment of a state court). Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994); Exxon Mobil Corp. v. Saudi Basic Industries Corp., Inc., 544 U.S. 280 (2005) (doctrine applies to cases by state court losers seeking review and rejection of state court judgments rendered prior to commencement of federal suit). The Rooker-Feldman doctrine "is jurisdictional, and [it] . . . cannot be ignored." Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 33 n.7 (1st Cir. 2004) (citations omitted). "[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of Puerto Rico-Puerto Rico Fifefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006).

Memorandum and Order (Docket No. 9 at 6-7). Apparently, Donald honed in on the last sentence which included a general statement of law about the proper forum for challenging state court rulings and he erroneously interpreted this to mean that this Court was directing him to file his case with the U.S. Supreme Court instead.

To be clear, this Court has never made a determination as to the actions that Donald may or should take at this time with respect to his challenges to his unsuccessful state court action. Whether or not it is prudent to pursue his suit with the U.S. Supreme Court is a strategic decision left entirely to him. In any event, Donald's assertion that this Court should have told him to file his suit in the U.S. Supreme Court and that Clerk Thornton should have told him his case was not ripe in the District Court is misplaced and this Court rejects this argument as a ground to vacate his filing fee obligations.

Next, this Court is unaware of any statutory authority by which a prisoner's filing fee obligations under the *in forma pauperis* statute may be vacated and Donald has not cited to any legal authority for this Court to do so. Nevertheless, even if this Court had authority, there is no

3

justifiable basis to grant the requested relief. The purposes of the Prison Litigation Reform Act would be undermined if a court were to permit a prisoner like Donald to circumvent the statute by granting a complete waiver of the filing fee simply because he made an improvident filing in this Court which resulted in dismissal. Indeed, in this Court's Procedural Order (Docket No. 3) (which afforded him a 21-day opportunity to satisfy the filing fee requirements) Donald was advised that he was obligated to pay the filing fee for his action even if his case was dismissed. Then, again, this Court noted in the Memorandum and Order (Docket No. 9) that:

> Donald was advised in the Procedural Order (Docket No. 3) that, notwithstanding any dismissal of a civil action, the prisoner remains obligated to pay the filing fee as assessed by this Court. See Purkey v. Green, 28 Fed. Appx. 736, 746 (10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits. . . . Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court."); McGore v. Wrigglesworth, 114 F.3d 601, 604-607 (6th Cir. 1997) (filing fee due when complaint filed; dismissal of a complaint does not eliminate prisoner's obligation to pay the required fees). Here, Donald has substantially engaged the resources of this Court in reviewing his case and in the issuance of various Orders. This Court finds no basis for waiving Donald's filing fee obligations, and, in any event, this Court is unaware of any statutory authority permitting a prisoner to circumvent the filing fee obligations as set forth in the Prison Litigation Reform Act.

Memorandum and Order (Docket No. 9 at n.2).

Of particular significance is the fact that in a prior civil action filed by Donald, Judge Young advised him that the *in forma pauperis* statute compels the payment of the filing fee <u>at the moment the Complaint is filed</u>. See Donald v. Hall, Civil Action No. 05-11417-WGY (Order, Docket No. 11) (September 5, 2005). As Judge Young noted:

> The purpose of the PLRA – to discourage prisoners from filing frivolous actions, Wooten v. District of Columbia Metro. Police Dept., 129 F.3d 206, 207 (D.C. Cir. 1997) -- would be undermined if a Court were to forego the assessment of the initial partial payment of the filing fee under § 1915(b) in this case, because such practice would allow or encourage a prisoner, unlike other litigants, to "test the waters" regarding the merits of any case, without the adverse financial

4

consequences associated with the filing fee. The Plaintiff here has engaged the resources of the Court by filing a deficient Complaint and other deficient pleadings, which failed to set forth the subject matter jurisdiction of this Court. Thus, a filing fee -- which represents only a modest portion of the Court's cost of deploying its resources -- is a means to insure that resources are not consumed thoughtlessly.

Further Order on Application to Proceed Without Prepayment of Fees (Docket No. 11 at 2).

In light of all of the above, this Court finds that Donald is not entitled to a waiver of his filing fee obligations. Donald chose to file suit in this Court and therefore must accept the consequences.

Accordingly, Donald's request to vacate his filing fee obligations is <u>DENIED</u>. Further, to the extent that Donald's Letter is construed to be a Motion for Reconsideration of the Memorandum and Order imposing a filing fee, the Motion for Reconsideration is <u>DENIED</u>. Donald is <u>PROHIBITED</u> from filing any further requests for reconsideration of the matters contained in the Memorandum and Order.[2] Failure to comply with this directive may result in the imposition of sanctions.

Notwithstanding the above, however, the filing fee must be "assessed" pursuant to the mathematical formula set forth in the *in forma pauperis* statute.[3] Since this Court still has not received Donald's certified prison account statement, the Clerk shall request that the Treasurer's Office at MCI Norfolk provide this statement forthwith directly to this Court so that Donald's initial partial filing fee may be assessed. Upon receipt of this statement, a further Order shall

---

[2]There is a $455.00 filing and docketing fee for any appeal. This Order does not prohibit any motion for reconsideration of the assessed filing fee if the motion is based solely on challenges to the mathematical calculation of the fee pursuant to 28 U.S.C. § 1915(b).

[3]The statute, however, provides for "collection" of the assessed fee "when funds exist" in a prisoner's inmate account. <u>See</u> 28 U.S.C. § 1915(b)(1).

5

enter assessing Donald's filing fee obligations under 28 U.S.C. § 1915(b).

## CONCLUSION

Based on all of the above, it is hereby Ordered that:

1. Plaintiff's request to vacate his filing fee obligations (contained in Letter, Docket No. 9) is <u>DENIED</u>;

2. To the extent that Plaintiff's Letter (Docket No. 9) is construed to be a Motion for Reconsideration of the Memorandum and Order imposing a filing fee, the Motion for Reconsideration is <u>DENIED;</u>

3. Plaintiff is <u>PROHIBITED</u> from filing any further requests for reconsideration of the matters contained in the Memorandum and Order (Docket No. 9); and

4. Upon receipt of Plaintiff's prison account statement from the Treasurer's Office at MCI Norfolk, a separate Order shall issue assessing Plaintiff's filing fee obligations pursuant to 28 U.S.C. § 1915(b).

SO ORDERED.

<u>/s/ Joseph L. Tauro</u>
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

DATED: May 22, 2012